UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERIT DEVON AARON,

    Plaintiff,

v.

JOSIE GASTELO,

    Defendant.

Case No. 20-cv-01752-JSC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition sets forth 3 claims challenging the constitutionality of Petitioner's conviction in state court: (1) that he was denied his Fourteenth Amendment right to Due Process because there was insufficient evidence to support the convictions for first degree burglary, attempted first degree burglary, and dissuading a witness; (2) that he was denied his Fourteenth Amendment right to Due Process by the consolidation of his two cases where the evidence was not cross-admissible and the effect of the joinder was to make the evidence in each case appear stronger; and (3) that the cumulative effect of multiple constitutional errors denied Petitioner his Fourteenth Amendment right to Due Process.

These claims, when liberally construed, are cognizable and potentially meritorious. Good cause appearing, Respondent is hereby ordered to show cause why the petition should not be granted.

In order to expedite the resolution of this case, it is further ordered as follows:

1. The Clerk shall serve Respondent and the Respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Consistent with Habeas Local Rule 2254-6, Respondent shall file with the court and

serve on Petitioner, within 60 days of service of the petition and this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply within 14 days of the date any opposition is filed.

4. The Clerk shall send a notice to Petitioner and Respondent regarding consenting to the jurisdiction of a magistrate judge.

**IT IS SO ORDERED.**

Dated: March 16, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2